UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GRANT ZDRAL,

      Petitioner,

                                        CASE NO. 2:18-cv-12449
v.                              HONORABLE GEORGE CARAM STEEH

JOHN CHRISTIANSEN,

      Respondent.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION AND CLOSING THIS CASE**

### **I. Introduction and Background**

This matter has come before the Court on petitioner Bradley Grant Zdral's motion to vacate, set aside, or correct his sentence. See Dkt. #1. Although petitioner filed his motion under 28 U.S.C. § 2255, he is challenging a state conviction, and his cover letter indicates that he intended to file a habeas corpus petition under 28 U.S.C. § 2254. See Dkt. #1-1.

The pleading indicates that Petitioner was convicted in St. Clair County, Michigan of operating a vehicle while intoxicated, causing an accident and injury to Shelley Silk. The state court summarized the facts as follows:

> An expert in accident reconstruction opined that, given the circumstances surrounding the accident, operator error and alcohol use precipitated the accident. The accident reconstruction investigation revealed that at approximately 6:40 p.m. on July 26, [2014], the Pontiac Aztec defendant and Silk were in was traveling in Kenockee Township on Lapeer Rd., slid sideways off the road into a grass ditch, hit a driveway embankment, flipped, and continued rolling until it stopped on a second driveway embankment. Silk, who was ejected from the vehicle, suffered life-threatening injuries, including a traumatic head injury, rib and spinal fractures, and lacerated internal organs. Defendant initially told emergency personnel at the accident scene and a deputy at the hospital that he was driving at the time of the accident. Silk testified at trial that defendant was the driver and that she was asleep in the passenger seat. Photographs on defendant's cell phone, taken mere minutes before the accident, showed Silk asleep in the passenger seat. The defense theory at trial was that he was not driving the vehicle when it crashed. Defendant testified that approximately one mile before the accident scene, he and Silk had stopped and switched places, resulting in Silk driving at the time of the accident.

People v. Zdral, No. 328570, 2016 WL 7496634, at *1 (Mich. Ct. App. Dec. 22, 2016). Following petitioner's conviction in St. Clair County Circuit Court, the trial court sentenced petitioner as a fourth habitual offender to three to fifteen years in prison.

In an appeal from his conviction, petitioner argued that he was entitled to a new trial because the trial court allowed prosecution witness Colleen Bugg to testify that (1) defendant's mother had tried to influence witness testimony and (2) petitioner previously had been to prison. See id. Petitioner also argued that the prosecutor engaged in misconduct by

eliciting evidence that he had been to prison. See id., 2016 WL 7496634, at *3. The Michigan Court of Appeals rejected petitioner's claims and affirmed his conviction, see id., at *1 and *4, and on July 25, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the question presented to it. See People v. Zdral, 500 Mich. 1060; 898 N.W.2d 603 (Mich. 2017).

Petitioner commenced this action in the United States District Court for the Western District of Michigan on July 13, 2018, but he is confined, and was convicted, in this district. Consequently, a magistrate judge in the Western District of Michigan construed petitioner's pleading as a habeas corpus petition under 28 U.S.C. § 2254 and determined that the proper venue for petitioner's pleading was the Eastern District of Michigan. The magistrate judge then transferred petitioner's pleading to this district pursuant to 28 U.S.C. §§ 102(a) and 2241(d) on July 31, 2018. See Dkt. #2. The pleading was received and filed in this district on August 8, 2018. See Dkt. #1. The grounds for relief are:

> I. Abuse of trial court descretion (sic)
>
> See all attachments - defendant states he was entitled to the presumption of innocen[c]e because the burden was on [the] prosecutor to prove the elements of the crime, and to prove each element beyond a reasonable doubt. Nowhere throughout his trial did the prosecutor produce a witness that

testified to seeing the defendant driving minutes before the crash.

II. Prosecutorial Misconduct

The prosecutor in this case knew of several witness[es] who were at the scene of the crash before and during the arrival of the local [authorities] but failed to bring them in to court on behalf of the prosecutor's case because these (2) witnesses spoke of another vehicle cutting off the black 1993 Aztec, which would have given the jury another reasonable doubt. Everything in the record suggests the prosecutor knew of these witnesses.

III. Colleen Bugg's Rebuttal Testimony

Colleen Bugg is no longer living and was Shelley Silk's lover who testified that Marlene Zdral, the defendant's mother, called her from defendant's cell phone which was in evidence at St. Clair County Sheriff Department and Bugg stated that Marlene asked her to tell Silk's mother that Silk[] was driving – yet [the] police had defendant's phone.

IV. Illegal Search and Seizure

Defendant states that he was denied the opportunity to discuss this claim in the trial [court] or in [the] appeals process which violated my Fourth Amendment right to the Constitution of the United States.

Defendant's cell phone was [seized] without probable cause and searched and held in evidence.

Pet., Dkt. #1, pp. 4-5, 7-8.

After petitioner filed his pleading in this case, he filed a habeas corpus petition under 28 U.S.C. § 2254, challenging the same conviction that is at issue in this case. See Zdral v. Christensen, No. 4:18-cv-12232

- 4 -

(E.D. Mich. July 17, 2018). United States District Judge Linda V. Parker dismissed that petition without prejudice on August 28, 2018, due to petitioner's failure to exhaust state remedies for his claims. See id., Dkt. #5. As explained more fully below, this Court likewise finds that petitioner has failed to exhaust state remedies for all his claims.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to invoke one complete round of the State's established appellate review process before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fully exhaust his or her claims, a habeas petitioner must have fairly presented the claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising the claims in federal court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner concedes that he did not raise his first, second, or fourth claims on direct appeal in state court. See Pet., Dkt. #1, pp. 4-6, 8-9. Furthermore, he appears to have an available state-court remedy to exhaust: a motion for relief from judgment in the state trial court, see Mich. Ct. R. 6.502, and an appeal to the Michigan Court of Appeals and the

Michigan Supreme Court if the state court denies his motion. See Mich. Ct. R. 6.509, 7.205, and 7.305.

To summarize, petitioner has failed to exhaust state remedies for all his claims, and he has an available state remedy to exhaust. The Court, therefore, summarily dismisses the petition without prejudice.

Dated: September 19, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2018, by electronic and/or ordinary mail and also on Bradley G. Zdral #304437, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk